UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | NO. CIV. 2:12-02899 WBS EFB |
| Plaintiff, | ORDER RE: MOTION TO STRIKE AFFIRMATIVE DEFENSES |
| v. | |
| BLANCA E. MARAVILLA, individually and d/b/a LAS PALMAS MEXICAN RESTAURANT, | |
| Defendant. | |

----oo0oo----

Plaintiff J & J Sports Productions, Inc. brought suit against defendant Blanca E. Maravilla asserting claims arising from defendant's allegedly wrongful interception of a television program. Currently before the court is plaintiff's motion to strike defendant's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f).

I.  Factual and Procedural Background

Plaintiff owns the exclusive nationwide television

1

distribution rights to "Good v. Evil: Miguel Angel Cotto v. Antonio Margarito, WBA Super World Light Middleweight Championship Fight Program ("Program"), which telecast nationwide on December 3, 2011. (Compl. ¶ 14 (Docket No. 1).) Defendant is the alleged owner and operator of Las Palmas Mexican Restaurant ("Las Palmas") in Manteca, California. (Id. ¶ 7.)

Plaintiff alleges that on the date of the nationwide telecast of the Program, defendant, with full knowledge that the Program was not to be intercepted by an unauthorized entity, intercepted and displayed the Program at Las Palmas. (Id. ¶ 17.) It brings four claims for relief: (1) violation of 47 U.S.C. § 605; (2) violation of 47 U.S.C. § 553; (3) conversion; and (4) violation of California Business and Professions Code section 17200. Defendant answered the Complaint, alleging eight affirmative defenses. (Answer at 5-6 (Docket No. 8).) Plaintiff now moves to strike all of defendant's affirmative defenses. (Docket No. 11.)

II. Motion to Strike

Pursuant to Rule 12(f), the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of the rule is to avoid the costs that accompany litigating spurious issues by dispensing with those issues prior to trial. Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are generally viewed with disfavor and are not frequently granted. Courts must view the pleading under attack in the light more favorable to the pleader." Garcia ex rel. Marin v. Clovis Unified Sch. Dist., No.

2

Civ. 1:08-1924, 2009 WL 2982900, at *23 (E.D. Cal. Sept. 14, 2009) (citation omitted). "[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." Hernandez v. Balakian, No. Civ. 1:06-1383, 2007 WL 1649911, at *1 (E.D. Cal. June 1, 2007) (internal quotation marks and citation omitted).

An affirmative defense is sufficiently pled when it gives the plaintiff "fair notice" of the defense. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." Kohler v. Islands Restaurants, LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012). "A reference to a doctrine, like a reference to statutory provisions, is insufficient notice." Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004). Given that the purpose of pleading affirmative defenses is to provide the plaintiff with fair notice of the asserted defenses, leave to amend should be freely granted in the absence of prejudice to the opposing party. Wyshak, 607 F.2d at 826.

Plaintiff moves to strike the following affirmative defenses: (1) denial of liability and responsbility for damages; (2) statutes of limitations and statutes of repose; (3) estoppel; (4) failure to mitigate; (5) unaware acts constituted a violation of 47 U.S.C. §§ 553 and 605; (6) denial of broadcast, did not advertise program, and if did broadcast, was for private viewing; (7) did not violate 47 U.S.C. § 553(a)(1) willfully or for purposes of commercial advantage or private financial gain; and

3

(8) reservation of other defenses.

At oral argument, counsel for defendant stated that defendant does not oppose the court striking defenses 1, 2, 4, and 8.  The court will therefore strike these defenses without leave to amend.

Defendant's third affirmative defense fails to provide fair notice.  Defendant simply avers that "[t]he claims asserted in the Complaint may be barred by estoppel."  (Answer ¶ 3.)  Simply referencing a doctrine is insufficient notice.  Qarbon.com Inc., 315 F. Supp. 2d at 1049 (striking bare affirmative defense of "estoppel").  Moreover, defendant did not indicate which kind of estoppel she was asserting, such as judicial estoppel, collateral estoppel, or equitable estoppel.  See id.  At oral argument, counsel for defendant suggested that this defense could be amended to provide notice.  Thus, the court will strike plaintiff's third affirmative defense with leave to amend.

Defendant's fifth affirmative defense is that she "was not aware and had no reason to believe that her acts constituted a violation of section 47 [U.S.C.] section 553 and 47 [U.S.C.] section 605."  (Answer at 6.)  Defendant's sixth affirmative defense is that she "did not at anytime televise an unauthorized broadcast of the Program at her place of business[,] [n]or did [she] advertise the Program or profit from the Program.  If [she] did broadcast the Program, it was for her private viewing."  (Id.)  Defendant's seventh affirmative defense is that she "did not violate subsection (a)(1) of 47 [U.S.C.] section 553 willfully, nor did [she] violate the above section for purposes of commercial advantage or private financial gain."  (Id.)

4

Defendant argues that recent cases support the proposition that a defendant's notice, or lack thereof, "are legitimate issues to raise" for alleged violations of §§ 553 and 605. (Opp'n at 3:19-20 (Docket No. 14).) The cases that defendant cites for this proposition do discuss a "good faith" defense. The court in J & J Sports Prods., Inc. v. Benitez, No. Civ. 1:11-01875, 2012 WL 6088300 (E.D. Cal. Dec. 6, 2012) (Beck, M.J.), in determining whether there was good cause to set aside a default judgment under Rule 55(c), stated that good faith was possibly a meritorious defense. Benitez, 2012 WL 6088300, at *5. The other case cited by defendant, however, specifically notes that good faith is not a defense to § 553. See J & J Sports Productions v. Coyne, 857 F. Supp. 2d 909, 917 n. 8 (N.D. Cal. 2012) ("It appears that Double Play acted in good faith when it purchased the Program from Comcast by contacting Comcast and asking how it could go about obtaining the Program. But that good faith does not affect Double Play's liability under § 553. However, the Court may take Double Play's good faith into account when it sets damages.")

The court will not strike defendant's fifth, sixth, and seventh affirmative defenses because even if they do not apply to escape liability altogether, they may be relevant to determining plaintiff's damages and thus are not "redundant, immaterial, impertinent, or scandalous matter[s]." Fed. R. Civ. P. 12(f). This is not to say that a defendant must plead as affirmative defenses all the various factors that may be considered in reducing damages order to raise them later, only that she is not foreclosed from doing so here.

IT IS THEREFORE ORDERED that plaintiff's motion to strike be, and the same hereby is, GRANTED at to defendant's first, second, third, fourth, and eight defenses and DENIED as to defendant's fifth, sixth, and seventh defenses.  Defendant has fourteen days from the date of this Order to file an amended answer, if she can do so consistent with this Order.

DATED:  May 21, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE