UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | NO. CIV. 2:12-02899 WBS EFB |
| | ORDER: MOTION TO AMEND ANSWER |
| Plaintiff, | |
| v. | |
| BLANCA E. MARAVILLA, individually and d/b/a LAS PALMAS MEXICAN RESTAURANT, | |
| Defendant. | |

----oo0oo----

Plaintiff J & J Sports Productions, Inc., brought suit against defendant Blanca E. Maravilla asserting claims arising from defendant's allegedly wrongful interception of a television program. Currently before the court is defendant's motion to amend her Answer.[1]

---

[1] **Error! Main Document Only.**Because oral argument would not be of material assistance, the court orders this matter submitted on the briefs pursuant to Eastern District Local Rule 230(g).

1

I. Factual and Procedural Background

The court granted plaintiff's first motion to strike defendant's affirmative defenses as to defendant's first, second, third, fourth, and eighth defenses. (May 21, 2013 Order at 6:1-6 (Docket No. 29).) The court granted defendant leave to amend the third defense and gave her fourteen days to file an amended answer consistent with its May 21, 2013 Order. (Id.) The court denied plaintiff's motion as to defendant's fifth, sixth, and seventh defenses. (Id.)

On June 3, 2013, defendant filed an amendment to her answer. (Docket No. 30.) She amended her fifth and seventh affirmative defenses and withdrew her sixth affirmative defense. (Id.) The court struck these amendments as beyond the scope of amendment permitted by its May 21, 2013 Order, but noted that defendant could file a motion for leave to amend. (July 24, 2013 Order at 2:24-27, 3:2-6 (Docket No. 41).) The Status (Pretrial Scheduling) Order ("scheduling order") in this case, issued June 18, 2013, set June 24, 2013 as the final date for amendments to the pleadings without show of good cause under Federal Rule of Civil Procedure 16(b). (June 18, 2013 Order at 2:2-6 (Docket No. 33).) Defendant now requests leave to amend her Answer to improve readability and to add factual allegations to her affirmative defenses. (Docket No. 42.) For the following reasons, the court grants the motion.

II. Legal Standard

Generally, a motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so

2

1  requires." Fed. R. Civ. P. 15(a)(2).  However, "[o]nce the
2  district court ha[s] filed a pretrial scheduling order pursuant
3  to Federal Rule of Civil Procedure 16[,] which establishe[s] a
4  timetable for amending pleadings[,] that rule's standards
5  control[]."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,
6  607-08 (9th Cir. 1992); see In re W. States Wholesale Natural Gas
7  Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013).

8  Under Rule 16(b), a party seeking leave to amend must
9  demonstrate "good cause."  Fed. R. Civ. P. 16(b).  "Rule 16(b)'s
10 'good cause' standard primarily considers the diligence of the
11 party seeking amendment."  Johnson, 975 F.2d at 609.  "If that
12 party was not diligent, the inquiry should end."  Id.  Although
13 "the focus of the inquiry is upon the moving party's reasons for
14 seeking modification[,]" a court may make its determination by
15 noting the prejudice to other parties.  Id.

16 If good cause is found, the court must then evaluate
17 the request to amend in light of Rule 15(a)'s liberal standard.
18 Id. at 608.  Leave to amend should be granted unless amendment:
19 (1) would cause prejudice to the opposing party, (2) is sought in
20 bad faith, (3) creates undue delay, (4) or is futile.  Chudacoff
21 v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1153 (9th Cir.
22 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).
23 "Because Rule 16(b)'s 'good cause' inquiry essentially
24 incorporates the first three factors, if a court finds that good
25 cause exists, it should then deny a motion for leave to amend
26 only if such amendment would be futile."  Baisa v. Indymac Fed.
27 Reserve, No. Civ. 2:09-1464 WBS JFM, 2010 WL 2348736, at *1 (E.D.
28 Cal. June 7, 2010).

3

III. <u>Analysis</u>

    A. <u>Good Cause Under Rule 16(b)</u>

        Because defendant seeks leave to amend her Answer after the court's June 24, 2013 deadline for amending pleadings, the court's threshold inquiry is under Rule 16(b). Defendant, however, seeks only to amend her Answer, not also to amend the scheduling order. While a court may deny as untimely a motion to amend after a scheduling order deadline has passed simply because the moving party did not additionally request a modification of the scheduling order, the court here declines to do so. See <u>Johnson</u>, 975 F.2d at 608. Instead, the court exercises its discretion to construe the present motion as one to amend the scheduling order. See <u>Orozco v. Midland Credit Mgmt. Inc.</u>, 2:12-CV-02585-KJM, 2013 WL 3941318, at *3 (E.D. Cal. July 30, 2013) (citing <u>Johnson</u>, 975 F.2d at 608) (construing the plaintiff's request to amend the complaint as a request to amend the scheduling order).

        Neither party addressed whether defendant has shown good cause to amend the scheduling order. Although defendant now requests to make additional changes to the Answer, including to her affirmative defenses, defendant's attempt to amend her Answer before the scheduling order deadline indicates that she has been diligent in seeking to amend her Answer. Defendant could not have forseen that the court would grant plaintiff's request to strike her amendment after the deadline to amend had passed. Further, plaintiff does not contend that it would now be prejudiced by defendant's proposed changes to her Answer. See <u>Johnson</u>, 975 F.2d at 609. The court finds, therefore, that

defendant has shown good cause to amend the scheduling order.

B. <u>Limitations on Amendment Under Rule 15(a)</u>

Plaintiff does not oppose defendant's amendments to the Answer that go to readability, but objects to defendant's alterations to her two affirmative defenses on the ground that the amendments are futile. (Opp'n at 1:25-27, 3:3-16 (Docket No. 45).)

Defendant's proposed First Amended Answer amends her fifth and seventh affirmative defenses, renumbering them, respectively, affirmative defenses one and two. Her proposed first defense states:

> 1. FOR A FIRST AFFIRMATIVE DEFENSE to Counts I, II and III of Plaintiff's complaint, DEFENDANT alleges that on December 2, 2011, DEFENDANT purchased from Dish Network the right to view live a boxing match between Miguel Angel Cotto and Antonio Margarito, herein "the FIGHT," to be held the next day. The purchase was made for a reasonable price, was intended for recreational viewing, and without any knowledge on the part of DEFENDANT of who the Plaintiff was or whether the Plaintiff had any rights to the broadcast of the fight. DEFENDANT thus became a good faith purchaser, for value, and who was not aware and had no reason to believe that her acts constituted a violation of 47 U.S.C. [§] 553 and 47 U.S.C. [§] 605 and is therefore not liable to Plaintiff under either 47 U.S.C. [§] 553 and 47 U.S.C. [§] 605, or on the basis of conversion.

(Def.'s Proposed Am. Answer at 4:14-25 (Docket No. 42).)

Plaintiff first argues that the reference to "recreational viewing" is irrelevant because nothing in the piracy statutes create an exception for "recreational viewing." (Opp'n at 3:26-28.) Plaintiff is correct that while 47 U.S.C. § 605 includes exceptions for "private viewing," these exceptions only apply to viewings in "an individual's dwelling unit," which are not at issue here. <u>See</u> 47 U.S.C. §§ 605(b), (d)(4).

5

Defendant, however, explains that "[t]he essence of [her] defense is that [she] was a good faith purchaser for value without notice of who the plaintiff was or whether the plaintiff had any rights to the broadcast . . . ."  (Reply at 2:26-3:1 (Docket No. 47).)  The purpose of adding the allegation is to show that she had no reason to believe that her acts constituted a violation of the piracy statutes.  (Id. at 2:15-18.)

As the court explained in its prior Order on plaintiff's first motion to strike, it did not strike this affirmative defense because even if it does not apply to allow defendant to escape liability altogether, it may be relevant to determining plaintiff's damages.  (May 21, 2013 Order at 5:20-22 (Docket No. 29).)  The court cannot find, therefore, that her addition of the phrase "was intended for recreational viewing" is irrelevant or futile.

Defendant's proposed second defense states:

> 2. FOR A SECOND AFFIRMATIVE DEFENSE to Counts I and II of Plaintiff's complaint, DEFENDANT alleges that she did not willfully violate either 47 U.S.C. [§] 553 or 47 U.S.C. [§] 605 as Plaintiff had no contract with DEFENDANT, DEFENDANT had no idea that anybody other than Dish Network had rights to the broadcast of the FIGHT, and the showing of the FIGHT was not intended for commercial or private financial gain.

(Def.'s Proposed Am. Answer at 5:1-6.)

Plaintiff argues that "[t]his defense misstates the law.  There is no requirement of a contract between [p]laintiff and [d]efendant before she can be liable for a willful violation."  (Opp'n at 4:15-17.)  Defendant, however, does not suggest that a contract is required before she can be liable for a violation of the piracy statutes.  Rather, as defendant argues,

the addition of the allegation that defendant did not have a contract with plaintiff appears to have been added to bolster her defense that she did not willfully violate the piracy statutes because she had no knowledge that any entity besides Dish Network had rights to the broadcast of the fight. (See Reply at 3:3-5.) Because defendant's addition of this allegation bolsters her defense, it is not futile.

Finally, plaintiff argues that defendant limited this defense to 47 U.S.C. § 553 in her Answer, but provides no reason why she has now expanded it to include 47 U.S.C. § 605. Defendant explains, however, that extending the defense to cover plaintiff's § 605 claim is to correct a mistake made by her prior counsel. (Reply at 3:9-17; see Mitterling Decl. at 1:22-2:2 (Docket No. 48).) Plaintiff has not otherwise argued that this amendment or the addition of the allegation regarding the lack of contract would prejudice plaintiff, create undue delay, or is sought in bad faith. Indeed, discovery in this case is not set to close until June 1, 2014. (June 18, 2013 Order at 2:25.) Accordingly, leave to amend the Answer will not be denied on the ground that any of defendant's proposed changes are futile.

IT IS THEREFORE ORDERED that defendant's motion for leave to amend her Answer be, and the same hereby is, GRANTED.

Dated:  September 5, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

7