1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF CALIFORNIA

9

10

11                            ----oo0oo----

12   J & J SPORTS PRODUCTIONS,        NO. CIV. 2:12-02899 WBS EFB
     INC.,
13                                    ORDER: MOTION TO AMEND ANSWER

14             Plaintiff,

15        v.

16   BLANCA E. MARAVILLA,
     individually and d/b/a LAS
17   PALMAS MEXICAN RESTAURANT,

18             Defendant.

19

20                            ----oo0oo----

21

22             Plaintiff J & J Sports Productions, Inc., brought suit

23   against defendant Blanca E. Maravilla asserting claims arising

24   from defendant's allegedly wrongful interception of a television

25   program.  Currently before the court is defendant's motion to

26   amend her Answer.[1]

27   _____
     [1]     **Error! Main Document Only.**Because oral argument would not be of material
28   assistance, the court orders this matter submitted on the briefs pursuant to
     Eastern District Local Rule 230(g).

                                     1

1  I.  <u>Factual and Procedural Background</u>

2          The court granted plaintiff's first motion to strike

3  defendant's affirmative defenses as to defendant's first, second,

4  third, fourth, and eighth defenses.  (May 21, 2013 Order at 6:1-6

5  (Docket No. 29).)  The court granted defendant leave to amend the

6  third defense and gave her fourteen days to file an amended

7  answer consistent with its May 21, 2013 Order.  (<u>Id.</u>)  The court

8  denied plaintiff's motion as to defendant's fifth, sixth, and

9  seventh defenses.  (<u>Id.</u>)

10          On June 3, 2013, defendant filed an amendment to her

11  answer.  (Docket No. 30.)  She amended her fifth and seventh

12  affirmative defenses and withdrew her sixth affirmative defense.

13  (<u>Id.</u>)  The court struck these amendments as beyond the scope of

14  amendment permitted by its May 21, 2013 Order, but noted that

15  defendant could file a motion for leave to amend.  (July 24, 2013

16  Order at 2:24-27, 3:2-6 (Docket No. 41).)  The Status (Pretrial

17  Scheduling) Order ("scheduling order") in this case, issued June

18  18, 2013, set June 24, 2013 as the final date for amendments to

19  the pleadings without show of good cause under Federal Rule of

20  Civil Procedure 16(b).  (June 18, 2013 Order at 2:2-6 (Docket No.

21  33).)  Defendant now requests leave to amend her Answer to

22  improve readability and to add factual allegations to her

23  affirmative defenses.  (Docket No. 42.)  For the following

24  reasons, the court grants the motion.

25  II.  <u>Legal Standard</u>

26          Generally, a motion to amend is subject to Rule 15(a)

27  of the Federal Rules of Civil Procedure, which provides that

28  "[t]he court should freely give leave [to amend] when justice so

1    requires." Fed. R. Civ. P. 15(a)(2). However, "[o]nce the

2    district court ha[s] filed a pretrial scheduling order pursuant

3    to Federal Rule of Civil Procedure 16[,] which establishe[s] a

4    timetable for amending pleadings[,] that rule's standards

5    control[]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604,

6    607-08 (9th Cir. 1992); see In re W. States Wholesale Natural Gas

7    Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013).

8            Under Rule 16(b), a party seeking leave to amend must

9    demonstrate "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s

10   'good cause' standard primarily considers the diligence of the

11   party seeking amendment." Johnson, 975 F.2d at 609. "If that

12   party was not diligent, the inquiry should end." Id. Although

13   "the focus of the inquiry is upon the moving party's reasons for

14   seeking modification[,]" a court may make its determination by

15   noting the prejudice to other parties. Id.

16           If good cause is found, the court must then evaluate

17   the request to amend in light of Rule 15(a)'s liberal standard.

18   Id. at 608. Leave to amend should be granted unless amendment:

19   (1) would cause prejudice to the opposing party, (2) is sought in

20   bad faith, (3) creates undue delay, (4) or is futile. Chudacoff

21   v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1153 (9th Cir.

22   2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

23   "Because Rule 16(b)'s 'good cause' inquiry essentially

24   incorporates the first three factors, if a court finds that good

25   cause exists, it should then deny a motion for leave to amend

26   only if such amendment would be futile." Baisa v. Indymac Fed.

27   Reserve, No. Civ. 2:09-1464 WBS JFM, 2010 WL 2348736, at *1 (E.D.

28   Cal. June 7, 2010).

1   III. <u>Analysis</u>

2       A. <u>Good Cause Under Rule 16(b)</u>

3           Because defendant seeks leave to amend her Answer after

4   the court's June 24, 2013 deadline for amending pleadings, the

5   court's threshold inquiry is under Rule 16(b).  Defendant,

6   however, seeks only to amend her Answer, not also to amend the

7   scheduling order.  While a court may deny as untimely a motion to

8   amend after a scheduling order deadline has passed simply because

9   the moving party did not additionally request a modification of

10  the scheduling order, the court here declines to do so.  <u>See</u>

11  <u>Johnson</u>, 975 F.2d at 608.  Instead, the court exercises its

12  discretion to construe the present motion as one to amend the

13  scheduling order.  <u>See</u> <u>Orozco v. Midland Credit Mgmt. Inc.</u>, 2:12-

14  CV-02585-KJM, 2013 WL 3941318, at *3 (E.D. Cal. July 30, 2013)

15  (citing <u>Johnson</u>, 975 F.2d at 608) (construing the plaintiff's

16  request to amend the complaint as a request to amend the

17  scheduling order).

18          Neither party addressed whether defendant has shown

19  good cause to amend the scheduling order.  Although defendant now

20  requests to make additional changes to the Answer, including to

21  her affirmative defenses, defendant's attempt to amend her Answer

22  before the scheduling order deadline indicates that she has been

23  diligent in seeking to amend her Answer.  Defendant could not

24  have forseen that the court would grant plaintiff's request to

25  strike her amendment after the deadline to amend had passed.

26  Further, plaintiff does not contend that it would now be

27  prejudiced by defendant's proposed changes to her Answer.  <u>See</u>

28  <u>Johnson</u>, 975 F.2d at 609.  The court finds, therefore, that

4

1   defendant has shown good cause to amend the scheduling order.

2          B. Limitations on Amendment Under Rule 15(a)

3          Plaintiff does not oppose defendant's amendments to the

4   Answer that go to readability, but objects to defendant's

5   alterations to her two affirmative defenses on the ground that

6   the amendments are futile.  (Opp'n at 1:25-27, 3:3-16 (Docket No.

7   45).)

8          Defendant's proposed First Amended Answer amends her

9   fifth and seventh affirmative defenses, renumbering them,

10  respectively, affirmative defenses one and two.  Her proposed

11  first defense states:

12         1. FOR A FIRST AFFIRMATIVE DEFENSE to Counts I, II and
           III of Plaintiff's complaint, DEFENDANT alleges that
13         on December 2, 2011, DEFENDANT purchased from Dish
           Network the right to view live a boxing match between
14         Miguel Angel Cotto and Antonio Margarito, herein "the
           FIGHT," to be held the next day.  The purchase was
15         made for a reasonable price, was intended for
           recreational viewing, and without any knowledge on the
16         part of DEFENDANT of who the Plaintiff was or whether
           the Plaintiff had any rights to the broadcast of the
17         fight.  DEFENDANT thus became a good faith purchaser,
           for value, and who was not aware and had no reason to
18         believe that her acts constituted a violation of 47
           U.S.C. [§] 553 and 47 U.S.C. [§] 605 and is therefore
19         not liable to Plaintiff under either 47 U.S.C. [§] 553
           and 47 U.S.C. [§] 605, or on the basis of conversion.
20

21  (Def.'s Proposed Am. Answer at 4:14-25 (Docket No. 42).)

22          Plaintiff first argues that the reference to

23  "recreational viewing" is irrelevant because nothing in the

24  piracy statutes create an exception for "recreational viewing."

25  (Opp'n at 3:26-28.)  Plaintiff is correct that while 47 U.S.C. §

26  605 includes exceptions for "private viewing," these exceptions

27  only apply to viewings in "an individual's dwelling unit," which

28  are not at issue here.  See 47 U.S.C. §§ 605(b), (d)(4).

1  Defendant, however, explains that "[t]he essence of [her] defense

2  is that [she] was a good faith purchaser for value without notice

3  of who the plaintiff was or whether the plaintiff had any rights

4  to the broadcast . . . ."  (Reply at 2:26-3:1 (Docket No. 47).)

5  The purpose of adding the allegation is to show that she had no

6  reason to believe that her acts constituted a violation of the

7  piracy statutes.  (Id. at 2:15-18.)

8         As the court explained in its prior Order on

9  plaintiff's first motion to strike, it did not strike this

10  affirmative defense because even if it does not apply to allow

11  defendant to escape liability altogether, it may be relevant to

12  determining plaintiff's damages.  (May 21, 2013 Order at 5:20-22

13  (Docket No. 29).)  The court cannot find, therefore, that her

14  addition of the phrase "was intended for recreational viewing" is

15  irrelevant or futile.

16         Defendant's proposed second defense states:

17         2. FOR A SECOND AFFIRMATIVE DEFENSE to Counts I and II
           of Plaintiff's complaint, DEFENDANT alleges that she
18         did not willfully violate either 47 U.S.C. [§] 553 or
           47 U.S.C. [§] 605 as Plaintiff had no contract with
19         DEFENDANT, DEFENDANT had no idea that anybody other
           than Dish Network had rights to the broadcast of the
20         FIGHT, and the showing of the FIGHT was not intended
           for commercial or private financial gain.
21

22  (Def.'s Proposed Am. Answer at 5:1-6.)

23         Plaintiff argues that "[t]his defense misstates the

24  law.  There is no requirement of a contract between [p]laintiff

25  and [d]efendant before she can be liable for a willful

26  violation."  (Opp'n at 4:15-17.)  Defendant, however, does not

27  suggest that a contract is required before she can be liable for

28  a violation of the piracy statutes.  Rather, as defendant argues,

1     the addition of the allegation that defendant did not have a

2     contract with plaintiff appears to have been added to bolster her

3     defense that she did not willfully violate the piracy statutes

4     because she had no knowledge that any entity besides Dish Network

5     had rights to the broadcast of the fight.  (See Reply at 3:3-5.)

6     Because defendant's addition of this allegation bolsters her

7     defense, it is not futile.

8           Finally, plaintiff argues that defendant limited this

9     defense to 47 U.S.C. § 553 in her Answer, but provides no reason

10     why she has now expanded it to include 47 U.S.C. § 605.

11     Defendant explains, however, that extending the defense to cover

12     plaintiff's § 605 claim is to correct a mistake made by her prior

13     counsel.  (Reply at 3:9-17; see Mitterling Decl. at 1:22-2:2

14     (Docket No. 48).)  Plaintiff has not otherwise argued that this

15     amendment or the addition of the allegation regarding the lack of

16     contract would prejudice plaintiff, create undue delay, or is

17     sought in bad faith.  Indeed, discovery in this case is not set

18     to close until June 1, 2014.  (June 18, 2013 Order at 2:25.)

19     Accordingly, leave to amend the Answer will not be denied on the

20     ground that any of defendant's proposed changes are futile.

21           IT IS THEREFORE ORDERED that defendant's motion for

22     leave to amend her Answer be, and the same hereby is, GRANTED.

23     Dated:  September 5, 2013

24

                         WILLIAM B. SHUBB

25                         UNITED STATES DISTRICT JUDGE

26

27

28